RECEIVED
MAR - 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DON ANTHONY ROMERO | CIVIL ACTION NO. 14-3001 |
| VERSUS | JUDGE DOHERTY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING AND ORDER

Pending before this Court is the "Defendant's Motion to Amend Judgment" [Doc. 26] filed by Carolyn W. Colvin, the Acting Commissioner of Social Security. In her motion, the Commissioner argues the Court's September 13, 2016 Judgment, which awarded benefits "commencing February 15, 2007," is inconsistent with the provisions of the Social Security Act and lacks a determination of disability onset, which is essential for calculating when benefits are properly payable. The motion is opposed by the appellant, Don Anthony Romero.

**I.      Factual and Procedural Background**

On February 17, 2016, the magistrate judge issued a Report and Recommendation, in which she found the ALJ failed to properly evaluate the opinions of the claimant's treating physicians and the side effects of his medications associated with the claimant's claims of disabling narcolepsy. Specifically, the magistrate judge determined the ALJ erred in not determining that the appellant's sleep problems were severe at step two of his sequential evaluation; by not evaluating the opinions of two treating physicians under factors set forth in *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001);

by not making a determination that the appellant could hold whatever job he finds for a significant period of time; and by not considering the side effects of the appellant's medications.[1] After consideration of the record, the magistrate judge recommended that this Court reverse the decision of the ALJ and award "appropriate benefits commencing February 15, 2007."[2]

The defendant filed the instant Motion to Amend Judgment, arguing because the Court's judgment awarding benefits "commencing February 15, 2007" is not tied to an onset of disability and does not apply a subsequent waiting period, the order does not comport with the Act's provision that benefits are payable following a five-month waiting period, measured from the first day of the month in which the wage earner became disabled. *See* 42 U.S.C. §423(c)(2); *Sanchez v. Schweiker*, 656 F.2d 966, 967 (5th Cir. 1981); 20 C.F.R. §404.315(a)(4). The Commissioner argues additional findings of fact are necessary to determine the date of disability onset and requests a remand to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further administrative proceedings.

The appellant opposes the Commissioner's motion, arguing in his disability application, Mr. Romero alleged a disability onset date of February 15, 2007 (Tr. 11), as that was the day after he resigned from work due to his physical and mental impairments. The appellant also argues on June 24, 2010, ALJ Kim Fields issued a partially favorable decision finding Mr. Romero was disabled from February 15, 2007 through April 19, 2009, which recognizes an onset date of February 15, 2007. Finally, the appellant notes the finding of Dr. Bouillon, who opined that on "May 29, 2007, . . . [the] claimant had reached the point where he was no longer able to function at his job and

---

[1] *See* Report and Recommendation, Doc. 20 at 20-24.

[2] *Id.* at p. 24.

agency (Tr. 475)." The appellant argues the foregoing "belies the Commissioner's arguments regarding the barriers posed by the five-month waiting period and excessive retroactive benefits, both of which are adequately addressed by the court's language awarding "appropriate benefits" (i.e. after the application of relevant laws and regulations regarding payment)."

This Court agrees the language contained in the Judgment – that "appropriate benefits" be awarded – can be construed to mean that the amount to be awarded takes into account the date of disability onset and the waiting period prescribed by 42 U.S.C. §423(c)(2) and 20 C.F.R. §404.315(a)(4), as the Commissioner will have to determine the amount of benefits after all statutory and regulatory requirements have been considered. However, to the extent the Judgment is not clear, it is equally proper for this Court to remand the matter to the administrative level for a determination of the date from which benefits should be paid, and the amount to be paid, in light of this Court's finding that the date of onset of disability was February 15, 2007, which the Court continues to find is the appropriate date of disability onset. Because the Judgment could, arguably, be construed as ambiguous concerning the date from which benefits should be calculated, this Court believes the appropriate remedy is to reverse this matter and remand to the administrative level for an appropriate determination of the amount of benefits to be paid, in light of the provisions of 42 U.S.C. §423(c)(2) and 20 C.F.R. §404.315(a)(4).

Considering the foregoing,

IT IS ORDERED that the "Defendant's Motion to Amend Judgment" [Doc. 26] is GRANTED in the following respects: This matter is REVERSED AND REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further administrative proceedings, and specifically, a determination of the amount of benefits to be paid, in light of the

provisions of 42 U.S.C. §423(c)(2) and 20 C.F.R. §404.315(a)(4), and further recognizing this Court's finding that the date of onset of disability was February 15, 2007.

THUS DONE AND SIGNED in Lafayette, ~~Louisiana~~, this 8th day of March, 2017.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE