**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Don Anthony Romero | Civil Action No. 14-3001 |
| versus | Judge Rebecca F. Doherty |
| Commissioner of Social Security | Magistrate Judge Carol Whitehurst |

# MEMORANDUM RULING

Pending before the undersigned is the "Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. §406(b)" filed by attorney Matthew David Lane, Jr. ("Lane"), representing Social Security claimant Don Anthony Romero ("Romero"), on November 22, 2017 [Rec. Doc. 39]. Defendant, the Commissioner of the Social Security Administration ("Commissioner") filed a Response on December 13, 2017 [Doc. 41]. For the following reasons, the motion is GRANTED.

## *Background*

Lane seeks an award of attorneys' fees in the amount of $40,953.00, representing less than 25% of Romero's total past-due benefits, based on Lane's contingency fee contract with Romero. For the following reasons, the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Rec. Doc. 39] is GRANTED.

## *Analysis*

Lane is entitled to apply to the Court, under 42 U.S.C. § 406(b), for an award for his work before the court. Section 406(b) provides, in pertinent part, as follows: Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled . ." 42 U.S.C. § 406(b)(1)(A).

In his motion, Lane requests an award of $40,953.00 which represents less than twenty-five percent of past-due benefits that were awarded to Romero. Specifically, Lane contends that he was awarded a fee of $5,535.00 under the EAJA, and that if he is awarded and receives the fees requested under Sections 406(a) and 406(b) and refunds to the claimant the fee previously received under EAJA, the total fee received ($46,240.50) will constitute 22.33% of Mr. Romero's total past due benefits.

It is uncontested that there exists a contingency fee agreement between Lane and Romero, which provides for attorney's fees of "twenty-five percent (25% percent) of any and all past-due benefits awarded to my family and me."[1] Lane has submitted a time sheet detailing the professional services he rendered from October 2, 2014 to December 12, 2016 for representing Romero, with 36.9 hours of time

[1] See Exhibit B, attached to Mr. Lane's motion.

representing Romero in the federal-court proceeding and 2.3 hours preparing the instant motion and associated filings, resulting in a total of 39.2 hours representing Mr. Romero.[2] The time sheet shows a total of 36.90 hours. Lane argues that 25% of Mr. Romero's past due benefits equals $51,774.50. After subtracting the fee requested under Section 406(a) – $10,822.50 – the sum of $40,953.00 remains, which is the amount of counsel's requested fee under Section 406(b). This Court's calculation actually shows the correct amount after subtracting the §406(b) award is $40,952.00. Lane acknowledges that if he is awarded the $40,952.00 requested in this motion, he will be required to refund the EAJA award of $5,535.50 to Romero. The Commissioner agrees that Lane is entitled to a reasonable fee for court-related representation, but defers to the Court's determination of reasonableness. *R. 32*.

In *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002), the United States Supreme Court held that section 406 does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness the fees calculated based on such agreements. The Court rejected the "lodestar" method (hours reasonably spent on the case times reasonable hourly rate) of evaluating attorney fee petitions under 42 U.S.C. §406(b) and held that section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable

---

[2] See Exhibit E.

results in particular cases." *Id.* at 807. The Court referenced the following factors as bearing on the reasonableness of the requested fee: the character of the representation, the results the representative achieved, whether the attorney was responsible for delay, whether the representation was substandard, whether benefits are large in comparison to the time spent on the case, and whether the attorney is receiving a windfall. *Id.*

The Fifth Circuit has held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. *Jeter v. Astrue,* 622 F.3d 371 (5th Cir. 2010). The court explained that the "windfall" does not preclude attorneys from recovering what may seem like a high award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time." *Id.* at 381. The court noted that "[a]lthough in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Id.* at 379. Congress wrote § 406(b) to "ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht,*

535 U.S. at 805 (quoting SSA Report 66).

Lane argues that the contingency fee agreement complies with the provisions of section 406(b) and is reasonable in light of the results achieved and the factors set forth by the Supreme Court in *Gisbrecht*. The undersigned agrees.

Lane provided professional and competent representation to Romero. Lane's efforts resulted in a reversal of an adverse ruling and an award of a substantial amount of past-due benefits in this case. Lane did not cause delay in the resolution of the matter and did not provide substandard representation. Also, the benefits to Romero were large in comparison to the time spent on the case.

Additionally, Lane's experience before this Court supports the amount claimed. Lane's practice is focused on the area of Social Security disability law and he is one of only a few attorneys in the area who represents Social Security claimants in federal court. His zealous advocacy led to Romero receiving a significant amount of past due benefits, as well as continuing benefits and medicare coverage. Although the twenty-five percent contingency fee may result in a somewhat higher fee in this case, this must be balanced against the fact that Lane often is not compensated at all for Social Security work in federal court. *Jeter*, 622 F.3d at 379.

The undersigned finds that, in light of the additional factors, the requested fee is reasonable and not attributable to anything other than the Lane's own work.

Accordingly,

**IT IS ORDERED** that the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Rec. Doc. 39], is **GRANTED**. The Court awards fees in the amount of $40,952.00 to be paid from the past-due benefits held by the Commissioner for such purposes.

**IT IS FURTHER ORDERED** that, upon receipt of the section 406(b) fee, Lane shall return to Romero the $5,535.00 EAJA fee that was awarded pursuant to the Stipulated Order of Attorneys Fees.

**THUS DONE AND SIGNED** this 1st day of February, 2018.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**